UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 2:10-cr-00007-JMS-CMM-19 |
| SUSIE SMITH, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On March 15, 2011, a jury found Defendant Susie Smith guilty of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine – a violation of 21 U.S.C. § 846. [Filing No. 842 at 1-3.] On July 6, 2011, this Court sentenced Ms. Smith to 151 months imprisonment to be followed by five years of supervised release. [Filing No. 1045 at 2-3.] Presently pending before the Court is Ms. Smith's Motion for Modification or Reduction of Sentence. [Filing No. 1551.] For the reasons that follow, the Court **DENIES** Ms. Smith's motion.

On September 13, 2016, Ms. Smith filed the pending motion, requesting a modification or reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2). [Filing No. 1551.] Ms. Smith states that she was sentenced at an offense level of 40 and a criminal history category of 1. [Filing No. 1551 at 1.] She requests that the Court follow the dictates of Amendment 794 to the Sentencing Guidelines, reduce her total offense level to 36, and impose a more lenient sentence. [Filing No. 1551.]

In response, the Government argues that Ms. Smith is not eligible for a reduction pursuant to Amendment 794 because: (1) she has already received a reduction for her role in the offense

1

and (2) Amendment 794 does not apply retroactively. [Filing No. 1555 at 2-3.] The Government contends that Ms. Smith received a reduction for her mitigated role in the offense and was sentenced at a total offense level of 34 – not a total offense level of 40 as claimed by Ms. Smith in her motion. [Filing No. 1555 at 2-3.] Further, the Government argues that, even if Ms. Smith had not already received a reduction for her mitigated role in the offense, she would not be entitled to relief under Amendment 794 because the Sentencing Commission did not make Amendment 794 retroactive for collateral review. [Filing No. 1555 at 2-3.]

"'A judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)). Section 3582(c)(2) provides an exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if – (A) None of the amendments listed in subsection (d) is applicable to the defendant . . . ." U.S.S.G. § 1B1.10(b).

Amendment 794 to the Sentencing Guidelines clarifies the commentary to the Sentencing Guidelines with regard to reductions for the defendant's role in the offense, allowing more defendants to qualify for the reduction. U.S.S.G. App. C. Amend. 794; *see also United States v. Quintero-Leyva*, 823 F.3d 519, 522-23 (9th Cir. 2016). However, the Court finds that Ms. Smith has indeed already received a reduction for her role in the offense. Although the Presentence Investigation Report recommended that Ms. Smith should not receive a reduction for a mitigating

role in the offense, [Filing No. 973 at 9], resulting in a total offense level of 40, the Court declined to follow that recommendation and assigned Ms. Smith a total offense level of 34, [Filing No. 1046 at 1]. The Court specifically noted that it "determined the defendant is eligible for a mitigating role adjustment of 2 levels, pursuant to 3B1.2(b)." [Filing No. 1046 at 1.] Therefore, Amendment 794 does not convey any further benefit to Ms. Smith.

Further, the Sentencing Commission did not make Amendment 794 retroactive for collateral review. *Helmer v. United States*, 2016 WL 5118816 (S.D. Ill. 2016); *see also* U.S.S.G. § 1B1.10(d) (listing covered amendments for retroactivity).[1] Therefore, even if Ms. Smith had not already received a reduction for her role in the offense, she would not be entitled to relief under Amendment 794.

Because the Court finds that Ms. Smith has already received a reduction for her role in the offense (so Amendment 794 does not offer her any further relief), and since Amendment 794 is not retroactive for collateral review, Ms. Smith's Motion for Modification or Reduction of Sentence, [Filing No. 1551], is **DENIED**.

Date: 11/29/2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1] U.S.S.G § 1B1.10(d) states that the "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1))." Because Amendment 794 is absent from the list reflected in U.S.S.G. § 1B1.10(d), a reduction under Amendment 794 is not authorized under 18 U.S.C. 3582(c)(2).

3

**Distribution via United States Mail:**

Susie Smith
09490-028
Federal Prison Camp B-1
Glen Ray Rd. Box A
Alderson, WV 24910

**Distribution via ECF only:**

Bradley A. Blackington
United States Attorney's Office
10 W. Market St., Suite 2100
Indianapolis, IN 46204